UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER SAVALA,

    Plaintiff,

  v.

JOSEPH LEHMAN,

    Defendant.

Case No. C04-5504RBL

REPORT AND RECOMMENDATION

Noted for August 26, 2005

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  The matter is before the court on defendant's motion for judgment on the pleadings (Dkt # 29), in which defendant argues plaintiff's claims are barred by the statute of limitations.  After reviewing the motion, plaintiff's opposition, and the balance of the record, the undersigned recommends that the Court grant defendant's motion and dismiss this action.

## DISCUSSION

      In reviewing a motion to dismiss under F.R.C.P. 12, a court may grant dismissal for failure to state a claim "if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting Conley v. Gibson, 355 U.S. 41, 45046, 78 S.Ct. 99, 102 (1957)).  Although

REPORT AND RECOMMENDATION - 1

complaints are to be liberally construed in plaintiff's favor, conclusory allegations of law, unsupported conclusions, and unwarranted inferences need not be accepted as true. Id. Dismissal may be based on either the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Ballistreri v. Pacifica Police Dept. 901 F.2d 696, 699 (9th Cir. 1990)

Defendant argues plaintiff's claims must be dismissed because the court lacks jurisdiction over claims that have not been filed within the required time period. The appropriate statute of limitations for a § 1983 claim is the forum state's statute of limitations for tort actions. Wilson v. Garcia, 471 U.S. 261, 269 (1985). Washington State provides a three year statute of limitations for tort claims. RCW 4.16.080(2) (1998). Accordingly, the statute of limitations applicable to plaintiff's § 1983 claim is three years. See, e.g., Joshua v. Newell, 871 F.2d 884, 886.

Here, plaintiff was a state inmate and he claims he was unlawfully detained past his earned early release date, which was allegedly December 24, 1995. Complaint at 2. (Dkt. #4). Mr. Savala states he was released from custody of the Washington State Department of Corrections in 1998.

Plaintiff was first aware he was being held past his earned early release date on or about December 25, 1995 when he was not released from custody. Arguably, plaintiff could not file a civil rights action at that time as he would have been challenging fact or duration of confinement, prohibited by Heck v. Humphrey, 512 U.S. 477 (1994) until he first succeeded in obtaining a writ of habeas corpus. Given these dates and restrictions, the alleged violation – unlawful detention – was ongoing until he was released from DOC custody sometime in 1998. This was when his alleged injury manifested. Accordingly, plaintiff had three years since his release date to file a §1983 action for damages based on unlawful detention. This action was commenced on or about August 17, 2004 when plaintiff submitted his complaint and filed for *in forma pauperis* status. (Dkt. # 1). The statue of limitation had run several years earlier.

## CONCLUSION

For the reasons outlined above the undersigned recommends **DISMISSAL WITH PREJUDICE**. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil

REPORT AND RECOMMENDATION - 2

Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 26, 2005**, as noted in the caption.

DATED this 26th day of July, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3